UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT HOFFMAN,
   Plaintiff,

v.

SARA S. GDOWSKI, N.P.
   Defendant.
_____/

Case: 2:19-cv-13691
Judge: Parker, Linda V.
MJ: Morris, Patricia T.
Filed: 12-16-2019 At 03:38 PM
PRIS ROBERT HOFFMAN V SARA S. GDOWSKI (LG)

## COMPLAINT UNDER 42 U.S.C. §1983

### I. INTRODUCTION

**1.** Robert Hoffman (Plaintiff) a Pro se Prisoner/Plaintiff brings this complaint to remedy the deprevation of rights secured by the United States Constitution. This complaint sets forth Eighth Amendment claims, as made applicable to the states by the Fourteenth Amendment. This complaint alleges claims of deliberate indifference/cruel and unusual punishment under 42 U.S.C. §1983, by Defendant Sara S. Gdowski, who through her deliberate indifference denied/delayed Plaintiff access to specialized care exposing Plaintiff to a substantial risk of harm.

### II. JURISDICTION AND VENUE

**2.** This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. §1331 and §1343(a)(3), (a)(4), assigns original jurisdiction on the United States District Courts in suits to remedy the deprivation of rights, privileges and immunites, as set forth herein.

**3.** Venue lies within this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. Robert Hoffman (Hoffman or Plaintiff), was at all times relevant hereto a citizen of the United States residing in the State of Michigan and incarcerated with the Michigan Department of Corrections (MDOC). Plaintiff is currently incarcerated at Parnall Correctional Facility (SMT).

5. Defendant Sara S. Gdowski (Gdowski), N.P., who is a resident of the State of Michigan and employed by Corizon Health Inc., working as an contract agent of the MDOC to provide medical services to inmates incarcerated with MDOC at SMT. Gdowski is sued in her individual capacity.

## IV. FACTUAL ALLEGATIONS

6. Paragraphs 1-5 are incorporated herein as if fully restated.

7. Plaintiff is afflicted with a severe case of bilateral Dupuytrens Contacture in his hands, which originally affected eight of ten fingers.

8. In November of 2014, Plaintiff had a finger amputated, the disease now affects 7 of the remaining 9 fingers.

9. Prior to submitting the kite quoted in ¶10 Plaintiff had told and showed Gdowski the same described ailments during provider visits about his right shoulder and Gdowski stated she'd submit a consultation request about his hands but didn't, which prompted the 09-24-19 kite.

10. On 09-24-19, Plaintiff submitted a HEALTH CARE REQUEST (CHJ-549) stating "I need to be seen about both of my hands both are making my ADL's very burdensome. My left hand pinkie is dislocated and painful, also my left thumb is recently severly

2

contracting, my right hand 3 and 4 fingers are also contracting again and my 3 finger is becoming increasingly painful at the PIP joint and at the proximal phalanx. I cannot even crumple a piece of paper with my right hand."

11. On 09-27-19, Plaintiff was evaluated by Registured Nurse Carmita Jones who essentially reported the same ailments as Plaintiff's 09-24-19 kite and ordered a referal to the medical provider (MP) stating: "MP RNR: Please see and eval Inmate's Bil hands, increased pain and noted deformities[.]"

12. On 10-02-19, Plaintiff was seen by Gdowski. The impetus for this visit was Plaintiff's 09-24-19 kite and the nursing encounter with RN Carmita Jones.

13. During this 10-02-19 provider visit with Gdowski, Plaintiff specifically explained in detail the function and limitations of each of his fingers on both hands and the substantial increase in pain he was feeling from his left hand ailments, and his right hand third finger, at the palm side proximal phalanx, and PIP joint.

14. Plaintiff showed Gwodski how his left thumb only moved 1 1/2 inches from his index finger, and how his left pinkie was dislocated and had absolutely no function and was severly painful, leaving Plaintiff with only two functioning fingers on his left hand the index and long finger, as the ring finger was amputated in 2014.

15. Plaintiff showed and told Gdowski how his right hand third and fourth fingers were contracted 60-70% and the right thumb was also contracting, these contractures were limiting the Plaintiff

3

to a grasp width of 1 1/2 inches, severly limiting Plaintiff's function.

16. Functional loss as told to Gdowski on 10-02-19 and in previous provider visits including but not limited to the following, grasping anything bigger than 1 1/2 inches, carrying a cup or taking a drink requires two hands like a child whose hands are to small, extreme difficulty in holding a bar of soap to wash, difficulty turning pages in a book.

17. Plaintiff told Gdowski on many occasions he was right hand dominant and most certainly told her again on 10-02-19.

18. On 10-02-19, Gdowski questioned me about the length of time left on my sentence, and stated cost would be a factor.

19. Gdowski on 10-02-19 submitted a consultation request that only stated Plaintiff was experiencing increased pain and increased limited range of motion, she also said I was experiencing mild inflamation from infections. Plaintiff actually told her that when I experienced these infections the pain was so severe I couldn't even crumple a piece of paper. Gdowski described no other symptoms from 2019, of which i told her about and were expressed in my 09-24-19 CHJ-549.

20. In fact Gdowski submitted the following Comments/Description of Plaintiff's hands in her 10-02-19 consultation request.

"Comments:  L hand Digits
1-nodule at MCP
2 Exquisite tenderness cord in proximal phalynx
3 cord in MCP
4 cord in MCP; complete contracture MCP
5 function limited by surrounding contractures

R hand Digits
1 hyperextension at MCP

4

2 MCP and palmar contracture: Tender cord in medial MCP; Pits in skin due to profound contracture. PIP extension limited to < 160 degrees. (DIP weak)
3-4 Prominent nodule base of 3-4 MCP, limits MCP ext < 160 degrees. Tight cord, thickened fibrotic palmar skin with pits.
3 Nodule over PIP tender, no limit limit to extension but flexion weak by pain and mass of nodule limiting function.
4 Free of palpable lesions in IP joints but function limited by pain and MCP dysfunction.
5 Physiologically weak joint." see(**Exhibit 1 at p.2**)

**21.** The description in ¶20 and in Gdowski's 10-02-19 consultation request **WAS NOT** reflective of Plaintiff's 2019 hand condition. In fact this description is a "**VERBATIM RECITATION**" of a Chronic Care Visit (CCV) with Dr. Michael L. Brostoski DO on 07-31-12. Dr. Brostoski generated the document from the 07-31-12 CCV on 08-01-12 at 7:02pm. see (**Exhibit 2 at p.2-3**)

**22.** Gdowski's 10-02-19 consultation request was subsequently deferred meaning denied.

**23.** Plaintiff subsequently confronted Gdowski's delberate disregard for his serious medical needs through a kite and grievance.

**24.** Gdowski resubmitted the consultation request citing an accurate description of Plaintiff's 2019 hand condition on 11-02-19, and the consultation request was then apoproved.

**25.** Gdowski's deliberate indifference subjected/exposed the Plaintiff to a substantial risk of serious harm resulting from his serious medical needs.

**26.** Gdowski's deliberate act of using a 2012 description of Plaintiff's hand essentially denied and delayed Plaintiff's access to specialized care for his severly limited hands and painful conditions.

5

27. During this delay Plaintiff's pain grew worse as did his contractures.

## V. CAUSE OF ACTION

### VIOLATION OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE
### EIGHTH AMENDMENT
### (42 U.S.C. §1983)

28. Paragraphs 1-27 are incorporated as if fully restated.

29. At all times relevant hereto, pursuant to the Eight Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, and by Federal Law, Plaintiff enjoyed the clearly establised right to be free from deliberate indifference, and cruel and unusual punishment towards his serious medical needs, resulting in unnecessary pain and worsening contractures and exposing him to a serious risk of harm, while confined in the MDOC at SMT.

30. At all times relevant hereto Gdowski acted with deliberate indifference to Plaintiff's serious medical needs through her foregoing conduct, which denied/delayed Plaintiff's access to specialized medical care and exposed him to a substantial risk of harm.

30. As a direct and proximate result of Gdowski's foregoing conduct; plaintiff alleges a non-deminimus injury, where he suffered continued increasing pain, contractures and disfunction of his hands. Plaintiff has a viable claim for compensatory and punative damages pursuant to 42 U.S.C. §1983, together with costs, interest and any other applicable fees that may occur

6

during the pendancy of this action pursuant to 42 U.S.C. §1988.

**32.** Gdowski is sued in her individual capacity. Gdowski also acted under the color of state law at all times relevant to this complaint.

## VI. EXHAUSTION

**33.** Plaintiff is satisfied with the Step I response for Grievance ID# SMT-19-11-1562-12Z, that says "You [Plaintiff] have been approved for the hand surgeon consult. You are encouraged to access health care through the health care request for any current concerns. Grievance resolved." see (**Exhibit 3 at p.2**)

**34.** When grievant appealed to Step II to ensure exhaustion Sabrina Aiken [Clinical Administrative Assistant Southern Regional Health Care Administration] stated in her **"SUMMARY OF STEP II INVESTIGATION:** [...] Grievant brought forth no new issues, only agreed with Step I response. Grievance resolved as indicated in Step I." see (**Id. at p.3**)

**35.** Aiken went on to say in her in the subsection titled **"CONCLUSION:** [...] Grievance Resolved; Grievant brought forth no new issues, only agreed with Step I response. Mr. Hoffman, there is no reason to continue with this grievance, as the issue you grieved is "resolved:. If you have another issue that you are unsatisfied with, that would be another grievance, again this grievance is resolved." **see** (**Id.**)

**36.** The resolution requested by Plaintiff in his Step I grievance was granted resolving the issue pursuant to Gdowski. see (**Id.**)

**37.** PD 03.02.130 (effective date of (03-18-19) does not require a prisoner to proceed past Step I or Step II if he's satisfied

with the resoluton of the grievance.

## VII. RELIEF REQUESTED

Wherefore for the allegations contained herein, Plaintiff requests judgment for compensatory damages against Gdowski, in an amount which is fair just and reasonable and in an amount in excess of One Hundred Thousand Dollars [$100,00.00], together with interest, costs, punitive damages, exemplary, and presumed damages, and any fees that may be applicable, and reasonable attorney fees.

## VIII. PREVIOUS ACTIONS

Hoffman v Stallman, No.11-317, USDC-WDMI, resulted in summary judgment in defendants favor.

Hoffman v. Stallman, No.13-1305, 6th Cir., affirmed decision of the district court.

Hoffman v. Afrey, No.15-1194, USDC-WDMI, this action is still pending.

Hoffman v. Behler, No.17-316, USDC-WDMI, this action resulted in summary judgment in the defendants favor.

Hoffman v. Neves, No.17-13263, Plaintiff has survived summary judgment on his eighth amendment claim against one defendant and is represented by counsel Solomon M. Radner of Excolo Law, PLLC. This action is still pending.

Hoffman v. Kik, No.18-11908, USDC-WDMI, this action is still pending.

Hoffman v. Nelson, No.19-94, USDC-WDMI, this action is still pending, but a settlement agreement for $1250.00 is also pending for this case.

8

## IX. DEMAND FOR JURY TRIAL

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE, Rule 38(B), Plaintiff hereby demands a trial by jury in this action of any issues so triable.

## X. VERIFICATION OF COMPLAINT AND EXHIBITS

Exhihibts 1-3 are true copies of originals purchased by the Plaintiff from the MDOC or were provided by the MDOC to the Plaintiff.

I the undersigned declares under the penalty of perjury the foregoing averments are true and correct and based upon my personal knowledge, and I am competant.

Dated: 12-11-19

Robert Hoffman #181813
Pro se Prisoner/Plaintiff
Parnall Correctional Facility
1780 East Parnall Road
Jackson, MI 49201

## MICHIGAN DEPARTMENT OF CORRECTIONS
## CONSULTATION

**SITE: SMT**
**COMPLETED BY: Connie McCool**     (10/02/2019 3:21 PM) 10/09/2019 4:12 PM

**Patient: ROBERT HOFFMAN**     ID#: 181813     DOB: 11/26/1966

Off-site

Reference #:
Date of Request: 10/02/2019

3rd Party Insurance: (VA, Workmen's Comp, Federal, Interstate Compact, etc.):
MDOC

*For security reasons, inmates must NOT be informed of date, time or location of proposed treatment or possible hospitalization. Authorization and payment is provided ONLY for requested procedures or treatments of life-threatening conditions. Prior review/discussion with Medical Director is required for additional treatment, procedures and hospitalizations.*

---

**Procedure/Test Requested:** Surgical consult for Dupuytren contracture fasciotomy bilteral hands

**Presumed Diagnosis:**
Contracture, palmar fascia                                            728.6

**Signs & Symptoms:**                                **Date of Onset:**
Patient was diagnosed with Dupuytrens contractures in 1993. Today he states the pain is getting worse and he has increased limited range of motion. He states he is barely able to use his hands at all. He states the pain is aching in nature. He is currently taking Mortrin 400mg TID which he states barely helps the pain. He denies numbness and tingling. he states at his skin keeps cracking at the base of his third and

**Lab & Xray Data**
fourth left fingers and he keeps getting mild inflammation and infections.
Location          hand; bilateral
Skin / Scars:     dry
Nails:   normal
Swelling:         none
Deformities / Contractures:      MP and PIP contractures, Depuytrens cords
Mass / Foreign Body:    none
Tenderness:    palmar surface
Laxity / Stability: stable
Range of Motion- Description
Decreased range of motion
Range of Motion- Measurement

**Failed Outpatient Therapies:**
Ligamentous Conditions
Finger / Hand Stability   Pain      Side           Finger  Joint
         pain      ulnar     small finger    PIP joint
         pain      ulnar     ring finger     MCP joint
         pain      ulnar     ring finger     PIP joint

NAME: HOFFMAN, ROBERT C
NUMBER: 181813
D.O.B.: 11/26/1966

**EXHIBIT 1 p.1**

## MICHIGAN DEPARTMENT OF CORRECTIONS
## CONSULTATION

**SITE: SMT**
**COMPLETED BY: Connie McCool**         (10/02/2019 3:21 PM) 10/09/2019 4:12 PM
Comments:       L hand Digits
1 - nodule at MCP
2 Exquisite tenderness cord in medial proximal phalynx
3 cord in MCP
4 cord in MCP; complete contracture MCP
5 function limited by surrounding contractures

R hand Digits
1 hyperextension at MCP
2 MCP and palmar contracture: Tender cord in medial MCP; Pits in skin due to profound contracture. PIP extension limited to <160 degrees. (DIP weak)
3-4 Prominent nodule base of 3-4 MCP, limits MCP ext <160 degrees. Tight cord, thickened fibrotic palmar skin with pits.
3 Nodule over PIP tender, no limit to extension but flexion weak by pain and mass of nodule limiting function.
4 Free of palpable lesions in IP joints but function limited by pain and MCP dysfunction
5 Physiologically weak joint.

**Enrolled in Chronic Care Clinic(s)?**

| Clinic | Chronic Condition | Code | Last Visit |
|---|---|---|---|
| Good | Hyperlipidemia |  | 06/13/2018 |

**Current Active Medications:**

| Start Date | Stop Date | Medication Name | Sig Desc |
|---|---|---|---|
| 11/26/2018 | 11/26/2019 | Glucophage 1,000 mg tablet | take one by mouth two times per day |
| 11/26/2018 | 11/26/2019 | ibuprofen 400 mg tablet | One by mouth three times daily as needed with food and 8 oz of water. Take sparingly. |
| 11/26/2018 | 11/26/2019 | Zocor 40 mg tablet | take one by mouth at bedtime |
| 02/26/2019 | 11/26/2019 | Pancrelipase 5000 5,000-17,000-27,000 unit capsule,delayed release | 4 tabs with each meal and 2 tabs with each snack. May increase up to 8 tabs with each meal and 4 tabs with each snack. Fill as needed based on max dose. |

**Site Medical Provider:** Sara S. Gdowski NP         10/02/2019

---

(For UM use only)

Criteria Source:  M & R        Interqual        Other
Criteria met:  Yes        No  X        Deferred

Reviewer comments:
ATP: Medical necessity not demonstrated at this time. Provider to supply objective findings consistent with ADL deficit.

Recommendation for visit appointment:

NAME: HOFFMAN, ROBERT C
NUMBER: 181813
D.O.B.: 11/26/1966

EXHIBIT 1 p.2



# HEALTH CARE SERVICES

PATIENT: ROBERT HOFFMAN
DATE OF BIRTH: 11/26/1966
DATE: 07/31/2012 6:52 AM
VISIT TYPE: Chronic Care Visit

**Chief Complaint/Reason for visit:**
This 45 year old male presents with cardiovascular and musculoskeletal.

**History of Present Illness**
**1. Cardiovascular**
Additional comments:
1-mo FU HTN, 2 agents, pt was declines monitoring (NS x1 6/26, refused addition of hydralazine).   Review 6/26 MSP CR note
RE Hydralazine "After the third day of taking it (AM), I would feel like I was short of breath and couldn't focus... quit taking it".
BP with amlodipine and chlorthalidone 135/90 today - second reading 132/78

Pt volunteers that he had chronic headaches which have almost completely resolved coincident to the addition of "water pill" (chlorthalidone).

**2. Musculoskeletal**
Additional comments:
Pt frustrated by orthopedic condition; review accommodations
Review 7/11 Nursing SOAP note.
Pt presents with a grievance response dated 7/23/12 about ibuprofen for orthopedic condition.
Today complaint includes:  New nodule R 4th finger.  When I got the same bump on the LEFT 4th finger palmar prox phalanx (Aug 2009), within 15 months I had complete contracture of the 4th MCP and PIP.
New nodule on R foot, painful.  Feels like I am walking on something (across MTP) of R foot, can't step down.
--PROGRESSIVE.  Painful.  Loss of function.
Miserable, can't exercise, can't walk laps.  Gained weight BECAUSE of inability to exercise
Also noticing some fibrosis of penis.  "That's not an issue but I know it affects all three places"
Pt is good historian, recounts that response to orthopedic surgery request  8/2010 was PT, "PT saw me once and said I need OT.  OT was refused, and ATP was for self-stretching, 8/17/10.  But I can't stretch my hands at all to follow the ATP." [Reviewing record, this is accurate recounting.]
Also "I've never had (TMC) injection, which was also suggested in the ATP"

Hx:
1991 first lesion was painful bump on both palms and proximal 3-4 digit MCP bilaterally.  Soon after developed nodule L first medial IP.
These were painful but he maintained activity and followed with orthopedics on outside, no progression until 2009.
(Returned to prison in interim 2002).
"Since 2009 its like a light switch got flipped - progressive accelerated course alternating with periods of apparent stability."
Fibrosis of feet started 1995, painful especially since approx 2002 which he attributes to having to wear "prison shoes... no padding"

I have reviewed the prev MSP notes, surgical consult requests, and ATP's offered.
MSP mentioned collaboration/ consultation with RMD on 8/31/11 note

Pt reports he has pictures which illustrate the progressive nature of disease.
Pt reports that the clinical impression conveyed to UM has been incomplete when orthopedic consultations were

HOFFMAN, ROBERT
181813
11/26/1966
1/3

EXHIBIT 2 p.1

requested in the past.

### Chronic Problems
Contracture, palmar fascia
Contracture, joint, mlt sites
Hypertension, essential NOS
Contracture, joint, ankle/foot

### Medications Active Prior to Today's Visit

| Drug Name | Dose | Qty | Description |
|---|---|---|---|
| Norvasc | 10 Mg | 30 | take one by mouth every day |
| Chlorthalidone | 25 Mg | 30 | i po qd |

### Allergies

| Allergen/Ingredient | Brand | Reaction: |
|---|---|---|
| No Known Allergies | | |

### Review of Systems
**Genitourinary:**
Comments: Penile fibrosis.
**Neuro/Psychiatric:**
Neurological
Neurological Comments: Electric shock feeling ">10 times per day (gait arrested by) intense pain in feet"
**Musculoskeletal:**
See History of Present Illness.
Comments: Progressive fibrosis of hands and feet.

### Physical Exam
**Constitutional:**
No acute distress. Well developed.
Comments: Frustrated civil.
**Musculoskeletal:**
Comments: Antalgic disfavoring RLE.
**Hand Evaluation**
**Left Hand**
**Ligamentous Conditions**
**Comments:**                    L hand Digits
1 - nodule at MCP
2 Exquisite tenderness cord in medial proximal phalynx
3 cord in MCP
4 cord in MCP; complete contracture MCP
5 function limited by surrounding contractures

R hand Digits
1 hyperextension at MCP
2 MCP and palmar contracture: Tender cord in medial MCP; Pits in skin due to profound contracture. PIP extension limited to <160 degrees. (DIP weak)
3-4 Prominent nodule base of 3-4 MCP, limits MCP ext <160 degrees. Tight cord, thickened fibrotic palmar skin with pits.
3 Nodule over PIP tender, no limit to extension but flexion weak by pain and mass of nodule limiting function.
4 Free of palpable lesions in IP joints but function limited by pain and MCP dysfunction
5 Physiologically weak joint.

### Assessment/ Plan
**Hypertension, essential NOS** (401.9), Good.
**Contracture, palmar fascia** (728.6)

HOFFMAN, ROBERT
181813
11/26/1966
2/3

EXHIBIT 2 p.2

**Contracture, joint, mlt sites** (718.49)
Plan comments:  ATP has failed.  Surgical eval and treatment are the next step.  ADL and function are limited by current condition.  The condition is not life-threatening.
TMC injection may be helpful for some but would be inadequate; local injection would represent risk without chance of benefit in most of these contractures.
ATP to self-stretch is impractical.

**Medications ordered this visit**
| Start Date | Stop Date | Medication Name | Sig Desc |
|---|---|---|---|
| 07/31/2012 | 11/30/2012 | Motrin 400 mg Tab | Take one PO three times a day as needed |

**Office Services**
| Status | ApptDate | Timeframe | Order | Reason | Interpretation Value |
|---|---|---|---|---|---|
| ordered | 09/04/2012 | | Disability MSP CC : Examine feet, review consultation request | | |

**Instructions / Education**
| Status | Completed | Order | Reason |
|---|---|---|---|
| completed | 08/01/2012 | Reviewed medications | |
| completed | 08/01/2012 | Patient education provided and patient voiced understanding | |

**Document generated by: Michael L. Brostoski DO 08/01/2012 7:02 PM**

HOFFMAN, ROBERT
181813
11/26/1966
3/3

EXHIBIT 2 p.3

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I: 11/7/19        Grievance Identifier: SMT/19/11/01660/12Z

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Robert Hoffman | 181813 | SMT | 16-3-9 | ongoing 10-28-19 | 10-31-19 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why.

I sent a kite to R/C on 10-28-19 attempting to resolve the issue I have received no response.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. This grievance is premised upon a violation of grievants Eighth Amendment rights to be free from cruel and unusual punishment, by NP Sara S. Gdowski and Utilization Management Physician Keith Papendick, MD. Both of whom were deliberate indifferent to grievants serious medical needs.
FACTS: Grievant just learned of these issues on 10-28-19 when he received requested medical records. On 10-31-19, Grievant was seen but not physically examined by NP Sara S. Gdowski, during this encounter grievant told Gdowski of extreme difficulty with ADL's because of a dislocated finger, contracted thumb on left hand, and severe contractures of his right hand 3rd and 4th fingers, and other problems including pain with both hands. But Gdowski did not reflect grievants 2019 hand issues in her 10-02-19 consultation request instead she used a description from Dr. Michael Brohtoski, DO, from 2012. Seven days later pictures were taken of grievants hands and which were submitted to Papendick and contrary to the extreme disfunction that would be apparent from viewing the pictures Papendick denied grievant access to a consultation with a hand specialist. Gdowski was deliberately indifferent when she submitted information not reflective of my 2019 hand condition, and she also asked grievant how much time I had left and cost factors would most likely weigh into the approval. Papendick was deliberately indifferent because he has extensive prior knowledge of the severity of grievants hand condition and knows continued care is needed so that grievant may have functionality, and in viewing the 10-09-19 photos he would recognize the consultation request does not match the photos.
RESOLUTION REQUESTED: That the process be repeated using info reflective of grievants 2019 hand condition not 2012.

Robert Hoffman
Grievant's Signature

---

RESPONSE (Grievant Interviewed?  ☒ Yes  ☐ No   If No, give explanation. If resolved, explain resolution.)

_____  11/18/19        _____ MSN,NP   11-19-19
Respondent's Signature        Date           Reviewer's Signature         Date
_____  RN 13             _____ NS,NP   A/Unit Chief
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 11/21/19 | If resolved at Step I, Grievant sign here. Resolution must be described above.  Grievant's Signature   Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

EXHIBIT 3 p.1

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock Location: | Grievance #: |
|---|---|---|---|
| Hoffman | 181813 | / | SMT-19-11-1562-12Z |

**Prisoner Interviewed:** YES ☒ NO ☐ If "NO", Reason: _____

**Extension Granted:** YES ☐ NO ☐ If "YES", Enter End Date: Click or tap to enter a date.

**COMPLAINT SUMMARY:**
Grievant alleges that on 10/28/19 when he received his requested medical records, he discovered that an old description from 2012 and not information reflective of how his hand is now. He wants the process repeated using his current hand condition, not the condition from 2012.

**INVESTIGATION SUMMARY:**
Grievant was interviewed and his electronic health record reviewed. His medical provider had pictures taken of his bilateral hands and resubmitted the request with a description of what he cannot do with his hands for the hand surgeon consult which was approved on 11/6/19.

**APPLICABLE POLICY, PROCEDURE, ETC.:**
PD 03.04.100

**DECISION SUMMARY:**
You have been approved for the hand surgeon consult. You are encouraged to access health care through the health care request for any current health concerns. Grievance resolved.

| RESPONDENT NAME: | K. Hamblin | TITLE: | RN |
|---|---|---|---|
| RESPONDENT SIGNATURE: | K. Hamblin | DATE: | 11/18/2019 |
| REVIEWER NAME: | C. Wurm | TITLE: | a/Unit Chief |
| REVIEWER SIGNATURE: | CwWurm | DATE: | 11/19/2019 |

**Distribution:** Original - Step I Grievance Coordinator  Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

EXHIBIT 3 p.2

# Step II Grievance Appeal Response

| | |
|---|---|
| **Grievance Number:** | SMT 2019 11 1562 12Z |
| **Prisoner Name:** | Hoffman, Robert |
| **Prisoner Number:** | 181813 |

I have reviewed your Step I Grievance, the Step I Response, and your Step II Reason for Appeal.

**SUMMARY OF STEP I COMPLAINT:** Grievant alleges that on 10/28/19 when he received his requested medical records, he discovered that an old description from 2012 and not information reflective of how his hand is now. He wants the process repeated using his current hand condition, not the condition from 2012. Date of incident 10/28/19.

**SUMMARY OF STEP I RESPONSE:** Grievant was interviewed and his Electronic Health Record (EHR) reviewed. His Medical Provider (MP) had pictures taken of his bilateral hands and resubmitted the request with a description of what he cannot do with his hands for the hand surgeon consult which was approved on 11/6/19. You have been approved for the hand surgeon consult. You are encouraged to access health care through the Health Care Request (HCR) for any current health concerns. Grievance resolved. Date of response 11/18/19.

**SUMMARY OF STEP II REASON FOR APPEAL:** Grievant alleges he is satisfied with the Step I response, but Grievant appeals to Step II to ensure that'll there will be no question about exhaustion during future litigation. Date of incident 10/28/19 ongoing.

**SUMMARY OF STEP II INVESTIGATION;** Upon investigation of the Step II appeal; the Step I response, reason for appeal, the Electronic Health Record (EHR), and policies were all reviewed, including any additional information needed was obtained as necessary to complete the response. Grievant brought forth no new issues, only agreed with the Step I response. Grievance resolved, as indicated in Step I.

Grievant is encouraged to access health care through the kite process to address any current health care concerns.

**CONCLUSION: Evidence**
- PD 03.02.130 Prisoner/Parolee Grievances
- Policy 03.04.100 Health Services

Grievance Resolved; Grievant brought forth no new issues, only agreed with the Step I response. Mr. Hoffman, there is no reason to continue with this grievance, as the issue you grieved is "resolved". If you have another issue that you are unsatisfied with, that would be a new grievance, again this grievance is resolved.

| **RESPONDENT NAME:** Subrina Aiken, RN | **TITLE:** Clinical Administrative Assistant |
| | Southern Regional Health Care Administration |
| **RESPONDENT SIGNATURE:** *Subrina Aiken, RN* | **DATE:** 12/9/18 |

EXHIBIT 3 p.3

Robert Hoffman #707873
Parnall Correctional Facility
East
1780 Parnall Road
Jackson, MI 49201



RECEIVED
DEC 16 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

12-12-19

pro

Office of the Clerk
United States District Court
231 West Lafayette Blvd.
Detroit, MI 48826

## CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 19-13691 | Judge: Linda V. Parker | Magistrate Judge: Patricia T. Morris |
|---|---|---|

**Name of 1st Listed Plaintiff/Petitioner:**
ROBERT HOFFMAN

**Name of 1st Listed Defendant/Respondent:**
SARA S. GDOWSKI, N.P.

**Inmate Number:** 181813

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201
JACKSON COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:
   
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:
   
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases