UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

    Plaintiff,

v.

                                    Honorable Linda V. Parker
                                    Civil Case No. 19-13691

SARA S. GDOWSKI, N.P.,

    Defendant.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT; (2) DENYING AS MOOT HIS MOTIONS TO ALTER OR RECONSIDER JUDGMENT AND FOR COPIES OF ORDERS; AND (3) REOPENING CASE

      Plaintiff initiated this prisoner civil rights action against Defendant on December 16, 2019. Plaintiff has been granted leave to proceed without prepayment of fees in these proceedings. On February 24, 2020, this Court summarily dismissed Plaintiff's Complaint because it concluded that he failed to state a claim upon which relief can be granted. The matter is presently before the Court on the following motions filed by Plaintiff:

      (1) A motion requesting copies of all orders issued by the Court, signed and dated February 19, 2020 (ECF No. 9);

      (2) A motion to alter or reconsider the judgment, signed and dated March 2, 2020 (ECF No. 10); and,

      (3) A motion for leave to file an amended complaint, signed and dated March 4, 2020 (ECF No. 11.)

Having reviewed Plaintiff's filings, the Court concludes that he should be granted leave to amend his pleading. The Court is therefore denying as moot his motion for reconsideration. It appears from Plaintiff's March 2 and 4, 2020 motions that he now has received any orders the Court has issued and so the Court also is denying as moot his motion for filing copies.

In his initial pleading, Plaintiff alleged that Defendant was deliberately indifferent when treating him for a severe debilitating hand condition: Dupuytren's contracture. Specifically, Plaintiff alleged that after he met with Defendant in October 2019, Defendant submitted a consultation request with a hand surgeon that summarized Plaintiff's condition, but the summary was a verbatim recitation of a medical report issued years earlier that failed to accurately reflect Plaintiff's deteriorating condition and extreme pain. Plaintiff indicated, however, that Defendant filed a new request on November 2, 2019, which was approved. The Court concluded that the facts alleged did not show deliberate indifference but, at most, a finding that Defendant was negligent.

In his proposed amended pleading, Plaintiff indicates that Defendant never actually examined him on October 2, 2019, was brief in her interaction with him, that she did not take any notes or ask any questions when Plaintiff described his symptoms and pain, and when asked why, stated: "You're making me work to[o] hard, I'm not typing all of what you described, I'll find a prior description in the

[electronic medical record]." (ECF No. 12 at Pg ID 68.) When Plaintiff indicated that there was nothing in his medical record about his current, new symptoms, Defendant told him the encounter was over and to leave her office. (*Id.*) Defendant never informed Plaintiff that the consultation request had been denied.

Plaintiff only discovered the denial when he purchased his medical records, which were received on October 28, 2019. Plaintiff then sent Defendant a medical kite, which she ignored. Defendant called Plaintiff out for a medical encounter only on November 1, 2019, after Plaintiff filed a grievance. At that time, and because Defendant previously complained about entering information into the record, Plaintiff presented Defendant with a typed description of his condition. Only after this description was incorporated in a new consultation request was the request granted. In the interim, Plaintiff's pain and contractures had worsened.

These additional facts allege more than negligence. If true, they could suggest that Defendant was deliberately indifferent to Plaintiff's serious medical needs.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint (ECF No. 11) is **GRANTED** and his Amended Complaint (ECF No. 12) is deemed filed as of the date of this Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration and motion for copies of orders (ECF Nos. 9 and 10) are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REOPEN** this matter.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 15, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager