UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN ,
                Plaintiff,

v.

SARA S. GDOWSKI,
                Defendant.
_____/

Case No.: 19-13691

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

### ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 39)

Plaintiff Robert Hoffman is proceeding without the assistance of counsel in this prisoner civil rights matter. He is currently in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff filed a motion to compel MDOC, a non-party, to produce documents in response to a Fed. R. Civ. P. 45 subpoena. (ECF No. 39).

Plaintiff served a Rule 45 subpoena on MDOC during March 2021 listing four separate requests for documents. (ECF No. 39, PageID.213). Three of the requests concerned email, each from a different prison employee, all stating the same request: "All emails received or sent by [Sara S. Gdowski, Karen Hamblin, and Mark King] encompassing the time period from September 01, 2019 through June 01, 2020, that contain any of the following words or portions of: Robert Hoffman #181813; grievance; retaliation; lawsuit, and; sued or suing." (*Id.*).

In response to Plaintiff's subpoena, MDOC provided one email sent or received by Karen Hamblin. (*Id.* at PageID.206). In addition to the subpoena, Plaintiff solicited assistance from Humanity for Prisoners ("HFP"). HFP submitted a FOIA request on Plaintiff's behalf. In response to that request, Plaintiff was given copies of emails that appeared to be responsive to his discovery requests but were not produced by MDOC. In addition, the emails were redacted. Further, some emails were not provided because they contained medical information, despite the fact Plaintiff executed an authorization for release of health information. Plaintiff attached one of the redacted emails from the FOIA request to his brief. The email mentions "ATP," which Plaintiff maintains represents "Alternative Treatment Plan." (*Id.* at PageID.208). Plaintiff believes this email concerns the medical care provided for his hand, the issue for which Plaintiff sued Defendant Gdowski. Plaintiff uses the emails provided in response to the FOIA request to support his argument that MDOC neglected to produce emails sent or received by Defendant Gdowski and that MDOC inappropriately redacted information contained in the emails.

In response to the motion to compel, MDOC contends the emails provided in response to the FOIA request were not given in response to the subpoena because the FOIA request was not limited to emails containing "grievance, retaliation, lawsuit, and sued or suing," and thus captured emails regarding healthcare. (ECF

2

No. 40, PageID.223). After receiving a letter from Plaintiff about alleged insufficiencies in the first production, MDOC conducted a second search for emails using only the search terms "Robert Hoffman" or "181813." (*Id.*). The results of this search were mailed to Plaintiff, after redactions, on May 12, 2021. However, Plaintiff had already placed his motion to compel in the mail. Regarding redaction within the emails, MDOC argues Plaintiff is not entitled to "contact information" of others due to his status as an inmate at the MDOC. (*Id.* at PageID.225). If this information was not redacted, MDOC contends it may create security issues in the prison and for staff members.

It is not clear from the briefing whether the additional emails mailed to Plaintiff from the second search resolve the issues raised in the motion. Plaintiff did not file a reply brief and clarify the matter and MDOC did not attach to its response, for the Court's review, copies of the additional emails provided to Plaintiff following the second search being conducted.

To the extent any issues remain, the following applies. Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a nonparty to, among other things, produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 further provides that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or [ ] subjects a person to undue burden."

3

Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv); *see United States v. Tenn. Walking Horse Breeders' and Exhibitors Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) ("A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.'") (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii-iv)). "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).

The Court notes that the email attached to Plaintiff's brief appears to be related to healthcare. None of the search terms disclosed in Plaintiff's subpoena request relates specifically to healthcare, but "Robert Hoffman 181813" is included as a search term. Plaintiff requested emails containing "any of the following words," which did not limit the universe of responsive emails to only those that contained all the responsive words. (ECF No. 39, PageID.213). Email communications related to Plaintiff's healthcare that include his name or identification number fairly fall within the parameters of the request. Though not produced initially, it appears MDOC likely provided emails related to healthcare in the second search, as the broader search encompassed all emails with Plaintiff's name and identification number.

If not previously produced, MDOC must provide to Plaintiff any relevant emails that were sent or received by Gdowski (the only set of emails at issue in the

motion) using any of Plaintiff's search terms—using each term in a separate search. Contact information of persons other than Plaintiff is not relevant to the issues in this case and may indeed prove problematic in the hands of the wrong persons. Therefore, MDOC may redact contact information. MDOC may also redact any information contained in those emails regarding another person confined in the MDOC. Accordingly, the motion to compel is **GRANTED.** MDOC must produce all relevant emails as discussed above **within 21 days** of this Order, if not already provided to Plaintiff.

    **IT IS SO ORDERED**.

    The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date:  June 16, 2021      s/Curtis Ivy, Jr.
       Curtis Ivy, Jr.
       United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2021, by electronic means and/or ordinary mail.

        s/Kristen MacKay
        Case Manager
        (810) 341-7850