UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

        Plaintiff,

v.

        Case No. 19-13691
        Honorable Linda V. Parker

SARA S. GDOWSKI,

        Defendant.
_____/

**OPINION AND ORDER (1) REJECTING DEFENDANT'S OBJECTIONS (ECF NO. 65) TO MAGISTRATE JUDGE'S JULY 11, 2022 REPORT AND RECOMMENDATION (ECF NO. 63); (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)**

      Plaintiff initiated this pro se civil rights lawsuit against Defendant on December 16, 2019. In a second amended complaint, filed April 27, 2020. Plaintiff alleges deliberate indifference and retaliation claims in violation of the Eighth and First Amendments, respectively. (ECF No. 17.) These claims arise from: (i) a "407 request" for surgical consultation; (ii) a January 2, 2020 post-surgery request to refill Plaintiff's Tylenol No. 4; and (iii) Defendant's alleged refusal to provide Plaintiff over-the-counter ("OTC") Tylenol from healthcare stock on January 2 when Defendant's request for Tylenol No. 4 was deferred by a doctor and Defendant's order that same day for Plaintiff to receive the OTC Tylenol could not be filled immediately.

      The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters

1

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 27.)  On September 8, 2021, Defendant filed a motion for summary judgment.  (ECF No. 49.)  On July 11, 2022, Magistrate Judge Ivy issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendant's motion.  (ECF No. 63.)  Specifically, Magistrate Judge Ivy concludes that Defendant is entitled to summary judgment with respect to Plaintiff's deliberate indifference and retaliation claims related to the 407 request and Tylenol No. 4 request.  (*Id.* at Pg ID 645-48.)  However, Magistrate Judge Ivy finds that Defendant failed to address in her opening or reply brief Plaintiff's claims related to Defendant's alleged refusal to provide Plaintiff OTC Tylenol from healthcare, and therefore recommends that this claim not be dismissed.  (*Id.* at Pg ID 648.)

At the conclusion of the R&R, Magistrate Judge Ivy informs the parties that they must file any objections to the R&R within fourteen days.  (*Id.* at Pg ID 653.)  He specifically warns the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citations omitted).)  Defendant filed objections on July 25.  (ECF No. 65.)  Plaintiff filed a response to Defendant's objections (ECF No. 70) but no objections of his own.

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In her objections, Defendant maintains that the magistrate judge erred in failing to dismiss Plaintiff's claims related to the OTC Tylenol. Defendant asserts that "[t]he facts outlining the events pertaining to . . . NP Gdowski's efforts to address Mr. Hoffman's pain were straightforwardly described in the Statement of Facts contained in the Motion for Summary Judgment" and that "[a]rgument as to [Plaintiff's deliberate indifference claim] was also raised in Defendant's Motion for Summary Judgment briefing." (ECF No. 65 at Pg ID 660-61.) Defendant argues that Plaintiff "failed to put forth verifying medical evidence to show an alleged detrimental effect." (*Id.* at Pg ID 661.) As to Plaintiff's retaliation claim, Defendant asserts that her summary judgment motion "put[] forth argument that considering the medical records . . . plainly reveals NP Gdwoski provided Mr. Hoffman with significant treatment for his complaints . . ." and "[i]n interpreting these facts and the arguments contained in Defendant's briefing, the R&R should have recommended summary judgment [as to this claim]." (*Id.* at Pg ID 662.)

3

However, even if Defendant's summary judgment motion set forth the facts she maintains are undisputed, she did not develop her arguments as to why Plaintiff's claims related to the OTC Tylenol should be dismissed.  Defendant's argument as to the lack of medical evidence of a detrimental effect was addressed to the delay in surgery due to her first 407 request, not the delay in providing Plaintiff OTC Tylenol.  (*See* ECF No. 49 at Pg ID 311.)  As Plaintiff correctly indicates in response to Defendant's objections, and as the Sixth Circuit has repeatedly explained, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)); *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).  "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *United States v. Gray*, 692 F.3d 514, 521 (6th Cir. 2012) (quoting *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)) (ellipsis omitted).  Defendant cannot cure the defect in her summary judgment briefing by developing her arguments for summary judgment in her objections to the R&R.  As Plaintiff also correctly points out, "issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived[.]" *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases reaching this holding)); *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 959 (6th Cir. 2018) (citing *Marshall* and *Waters* and finding argument waived when not raised before the magistrate judge).

4

For these reasons, the Court finds no merit to Defendant's objections to the R&R and adopts Magistrate Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED** Defendant's Motion for Summary Judgment (ECF No. 49) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

                                                    s/ Linda V. Parker  
                                                    LINDA V. PARKER  
                                                    U.S. DISTRICT JUDGE

Dated: August 30, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 30, 2022, by electronic and/or U.S. First Class mail.

                                                    s/Aaron Flanigan  
                                                    Case Manager