## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Robert Hoffman, #181813

       Plaintiff,

v.

Gdowski

       Defendants,

Case No.: 2:19-cv-13691
District Judge: Linda V. Parker
Magistrate Judge: Curtis Ivy, Jr.

| | |
|---|---|
| ROBERT HOFFMAN, #181813 | CHAPMAN LAW GROUP |
| *In Pro Per* | Devlin K. Scarber (P64532) |
| Parnall Correctional Facility | Jeffrey L. Bomber (P85470) |
| 1780 E. Parnall Rd | *Attorneys for Sara Gdowski, N.P.* |
| Jackson, MI 49201 | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

## DEFENDANT SARA GDOWSKI, N.P.'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant SARA GDOWSKI, N.P., by and through her attorneys, CHAPMAN LAW GROUP, and for her Motion for Leave to File a Second Motion for Summary Judgment, states as follows:

1.    Plaintiff Robert Hoffman filed his Complaint in this matter on December 16, 2019. (**ECF No. 1**).

2.      Mr. Hoffman's Original Complaint alleged a single claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. (**ECF No. 1, PageID.6**).

3.      Specifically, Mr. Hoffman alleged that NP Gdowski was deliberately indifferent by causing a delay in hand surgery by using an old description of his hand. (**ECF No. 1, PageID.2-5**).

4.      On April 27, 2020, Mr. Hoffman filed a "Second Amended/Supplemental Complaint" (hereinafter "Amended Complaint"). (**ECF No. 17**).

5.      Mr. Hoffman's Amended Complaint alleged two claims of deliberate indifference, and one claim of retaliation pursuant to 42 U.S.C. § 1983.

6.      Count One of the Amended Complaint re-alleged the deliberate indifference claim stated in Mr. Hoffman's Original Complaint. (**ECF No. 17, PageID.107**).

7.      Count Two of the Amended Complaint alleged deliberate indifference for "under reporting of [Mr. Hoffman's] pain and her refusal to provide [Mr. Hoffman] with OTC Tylenol when she knew he didn't have any and the pharmaceutical vendor would take 2-4 days to provide it…" (**ECF No. 17, PageID.107**) (emphasis added).

8.     Count Three of the Amended Complaint alleged retaliation, claiming that NP Gdowski "acted with intent to punish [Mr. Hoffman] with a lapse in treatment, and specifically told him the reason was his grievance." (**ECF No. 17, PageID.108**).

9.     On September 8, 2021, NP Gdowski filed her Motion for Summary Judgment. Attached to NP Gdowski's Motion for Summary Judgment are records from Mr. Hoffman's Michigan Department of Corrections medical and grievance records that are dispositive of each of Mr. Hoffman's claims. (**ECF No. 49**). The Court thereafter entered an order requiring Mr. Hoffman to respond to the Motion for Summary Judgment by October 24, 2021. (**ECF No. 51**).

10.     Instead, Mr. Hoffman filed a Rule 56(d) Motion on October 21, 2021, a day after the close of discovery, requesting an extension to discovery so that Mr. Hoffman could depose his treating hand surgeon. (**ECF No. 54**). Notably, the Court opened discovery on April 20, 2021, which allowed Mr. Hoffman approximately six months to have deposed his hand surgeon. (**ECF No. 38**).

11.     In spite of NP Gdowski's pending Motion for Summary Judgment and the fact that Mr. Hoffman waited until a day after the close of discovery to file his 56(d) Motion, the Court granted Mr. Hoffman's 56(d) Motion, allowing Mr. Hoffman three months to depose his hand surgeon and file his Response. (**ECF No. 59**).

12.     Mr. Hoffman responded to NP Gdowski's Motion for Summary Judgment on April 12, 2022, <u>seven months</u> after NP Gdowki's Motion for Summary Judgment was originally filed. (**ECF No. 61**).

13.     On July 11, 2022, Magistrate Judge Ivy issued a Report and Recommendation regarding NP Gdowski's Motion for Summary Judgment. Magistrate Judge Ivy recommended dismissal of Count One of Mr. Hoffman's Amended Complaint, but recommended that parts of Count Two and Count Three of the Amended Complaint remain because argument specific to that part of each count was not raised. (**ECF No. 63, PageID.647-50**).

14.     NP Gdowski filed Objections to the Report and Recommendation on July 25, 2022. (**ECF No. 65**).

15.     The Court entered an order rejecting NP Gdowski's objections and adopting the Report and Recommendation on August 30, 2022. (**ECF No. 71**).

16.     Although argument specific to parts of Count Two and Count Three of the Amended Complaint was not raised in the Motion for Summary Judgment, evidence dispositive of both Count Two and Count Three was attached as exhibits to the motion. (*See* **ECF No. 65, PageID.660-63**; **ECF No. 49-3, PageID.339-43**).

17.     If the Court were to allow Defendant to file a limited Second Motion for Judgment specific to the parts remaining in Count Two and Count Three of the

Amended Complaint, it would potentially alleviate the need for trial and the use of further judicial resources.

18.  Concurrence in this motion has not been sought as Plaintiff is proceeding *pro se* and is currently incarcerated.

WHEREFORE, Defendant SARA GDOWSKI, N.P. humbly requests that this Honorable Court exercise its discretion pursuant to E.D. Mich. Local Rule 7.1(b)(2), and permit Defendant to file a second Motion for Summary Judgment as to the remaining parts of Count Two and Count Three of the Amended Complaint.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 13, 2022           */s/Devlin Scarber*
                                    Devlin K. Scarber (P64532)
                                    Jeffrey L. Bomber (P85470)
                                    Attorney for Sara Gdowski, N.P.
                                    1441 W. Long Lake Rd., Suite 310
                                    Troy, MI 48098
                                    (248) 644-6326
                                    dscarber@chapmanlawgroup.com
                                    jbomber@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Robert Hoffman, #181813

    Plaintiff,

v.

Gdowski

    Defendants,

Case No.: 2:19-cv-13691
District Judge: Linda V. Parker
Magistrate Judge: Curtis Ivy, Jr.

---

| | |
|---|---|
| ROBERT HOFFMAN, #181813 | CHAPMAN LAW GROUP |
| *In Pro Per* | Devlin K. Scarber (P64532) |
| Parnall Correctional Facility | Jeffrey L. Bomber (P85470) |
| 1780 E. Parnall Rd | *Attorneys for Sara Gdowski, N.P.* |
| Jackson, MI 49201 | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF DEFENDANT SARA GDOWSKI, N.P.'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.........................................................................iii

INDEX OF EXHIBITS .............................................................................. iv

STATEMENT OF ISSUES PRESENTED....................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.   STATEMENT OF RELEVANT FACTS............................................1

II.  LEGAL STANDARD AND ARGUMENT ......................................2

III.   CONCLUSION ...............................................................................4

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Kovacevich v. Kent State Univ.*, 224 F.3d 806 (6th Cir. 2000) ................................3

**Rules**

E.D. Mich. L.R. 7.1(b)(2) ..........................................................................2

## **INDEX OF EXHIBITS**

There are no exhibits to this Motion.

## **STATEMENT OF ISSUES PRESENTED**

WHETHER THE COURT SHOULD GRANT DEFENDANT'S REQUEST FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT.

Defendant Answers:                                      YES.
Plaintiff Answers:                          UNKNOWN.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

E.D. Mich. L.R. 7.1(b)(2) requires that parties obtain leave from the Court prior to filing more than one motion for summary judgment.

"District courts may in their discretion permit renewed or successive motions for summary judgment…" *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) *citing Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("The denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist.").

## I.  STATEMENT OF RELEVANT FACTS

Plaintiff Robert Hoffman filed a "Second Amended/Supplemental Complaint" on April 27, 2020, naming Sara Gdowski, N.P., as a Defendant. (**ECF No. 17**). Count I of the Amended Complaint re-alleged Mr. Hoffman's sole deliberate indifference claim stated in his Original Complaint. (**ECF No. 1**; *cf* **ECF No. 17, PageID.107**). Mr. Hoffman raised two additional claims in his Amended Complaint. In Count Two, Mr. Hoffman alleges that NP Gdowski was deliberately indifferent for under reporting pain and refusing to provide Mr. Hoffman with over-the-counter Tylenol. (**ECF No. 17, PageID.107**). In Count Three, Mr. Hoffman alleges that NP Gdowski retaliated against Mr. Hoffman for filing grievances by causing a lapse in Mr. Hoffman's treatment. (**ECF No. 17, PageID.108**).

NP Gdowski filed her Motion for Summary Judgment on September 8, 2021, approximately a month before the close of discovery. (**ECF No. 49; ECF No. 38, PageID.198**). Attached to her Motion for Summary Judgment were Mr. Hoffman's grievance records which show that he did not properly exhaust administrative remedies as to Counts Two and Counts Three of his Amended Complaint (**ECF No. 49-3, PageID.339-43**), and Michigan Department of Corrections Medical Records that are dispositive of Mr. Hoffman's claims. (**ECF No. 49-1**). However, argument that was specific to Count Two and Count Three was not specifically raised in the Motion for Summary Judgment. On October 21, 2021, a day after discovery closed,

Mr. Hoffman filed a Rule 56(d) Motion to extend the discovery period so he could depose his treating hand surgeon. (**ECF No. 54**). On January 3, 2022, the Court entered an order of attorney substitution, which substituted the undersigned counsel. (**ECF No. 58**). The Court granted Mr. Hoffman's motion to extend on January 10, 2022, allowing Mr. Hoffman additional time to depose his hand surgeon and providing an additional three months for Mr. Hoffman to respond to NP Gdowski's Motion for Summary Judgment. (**ECF No. 59**).

Magistrate Judge Ivy recommended dismissal of Count One of the Amended Complaint in his Report and Recommendation issued on July 11, 2022, but recommended that certain parts of Count Two and Count Three remain because of a failure to raise argument specific to those parts of each count. (**ECF No. 63**). On July 25, 2022, NP Gdowski filed her Objections to the Magistrate Judge's Report and Recommendation (**ECF No. 65**), but on August 30, 2022, the Court entered an order rejecting the objections and adopting the Report and Recommendation. (**ECF No. 71**).

## II.     <u>LEGAL STANDARD AND ARGUMENT</u>

E.D. Mich. L.R. 7.1(b)(2) requires that parties obtain leave of the Court prior to filing more than one motion for summary judgment. The Sixth Circuit also has held that trial courts have the discretion to allow a party to file more than one motion for summary judgment: "District courts may in their discretion permit renewed or

successive motions for summary judgment..." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000).

Defendant humbly requests that the Court exercise its discretion and allow filing of a Second Motion for Summary Judgment regarding the remaining parts of Count Two and Count Three that were not addressed in Defendant's prior Motion for Summary Judgment. Although argument regarding each part of each count was not specifically raised in the prior Motion for Summary Judgment, Mr. Hoffman's medical records and grievance records attached to the motion are dispositive of Mr. Hoffman's claims.[1] Furthermore, Mr. Hoffman's treating surgeon testified in his March 18, 2022, deposition that Mr. Hoffman was doing well by the time of his January 15, 2020, follow-up appointment. (**ECF No. 61-1, PageID.616**). There is overwhelming evidence in support of the fact that NP Gdowski was not deliberately indifferent to Mr. Hoffman's medical needs, and Mr. Hoffman has not and cannot produce any actual evidence to show that NP Gdowski retaliated against him. If the Court were to grant the instant motion, it would likely lessen the use of judicial resources necessary to resolve this case by avoiding a jury trial that is specific to the narrow parts remaining in Count Two and Count Three of Mr. Hoffman's Amended Complaint.

---

[1] Magistrate Judge Ivy implies as much in the footnote three of the Report and Recommendation. (**ECF No. 63, PageID.650**).

### III.   CONCLUSION

WHEREFORE, Defendant SARA GDOWSKI, N.P. respectfully requests that this Honorable Court exercise its discretion pursuant to E.D. Mich. Local Rule 7.1(b)(2), and permit Defendant to file a second Motion for Summary Judgment as to the remaining parts of Count Two and Count Three of the Amended Complaint.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 13, 2022

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85470)
Attorneys for Sara Gdowski, N.P.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

### PROOF OF SERVICE

I hereby certify that on September 13, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com