# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Robert Hoffman, #181813

    Plaintiff,

v.

Gdowski

    Defendants,

Case No.: 2:19-cv-13691
District Judge: Linda V. Parker
Magistrate Judge: Curtis Ivy, Jr.

| | |
|---|---|
| ROBERT HOFFMAN, #181813<br>*In Pro Per*<br>Cooper Street Correctional Facility<br>3100 Cooper St.<br>Jackson, MI 49201 | CHAPMAN LAW GROUP<br>Devlin K. Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>*Attorneys for Sara Gdowski, N.P.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

**DEFENDANT SARA GDOWSKI, N.P.'S REPLY TO PLAINTIFF'S RESPONSE [ECF NO. 76] TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**

# INTRODUCTION

Defendant Sara Gdowski, N.P., filed a Motion for Leave to File a Second Motion for Summary Judgment on September 13, 2022. (**ECF No. 73**). Plaintiff Robert Hoffman argues in his Response that Defendant Gdowski should not be permitted to file a second dispositive motion because good cause for allowing a successive motion for summary judgment has not been shown, and because the Doctrine of Law of the Case forbids a successive motion for summary judgment. (**ECF No. 76**). For the reasons set forth below, good cause exists for the Court to permit a Second Motion for Summary Judgment, and the Doctrine of Law of the Case does not control this issue.

# LEGAL ARGUMENT

A.  <u>There are no issues of material fact remaining in this matter, and there is good cause to allow the filing of a Second Motion for Summary Judgment.</u>

Count Two of the Second Amended Complaint alleges that NP Gdowski underreported Mr. Hoffman's pain <u>and</u> refused to provide Mr. Hoffman over the counter Tylenol from January 2, 2020, to January 5, 2020. (**ECF No. 17, PageID.107-08**). Mr. Hoffman alleges that NP Gdowski was therefore deliberately indifferent to his medical needs. (**ECF No. 17, PageID.107-08**). In Count Three of the Second Amended Complaint, Mr. Hoffman alleges that NP Gdowski "acted with intent to punish Plaintiff with a lapse in treatment" because Mr. Hoffman filed a

1

grievance against NP Gdowski. (**ECF No. 17, PageID.108**). The Court held that argument addressing specific parts of Count Two and Count Three were not raised in NP Gdowski's Motion for Summary Judgment or Reply brief, and therefore declined to dismiss the unaddressed parts of Count Two and Count Three of the Complaint. Specifically, the Court held that argument was not raised regarding the part of Count Two alleging that NP Gdowski refused to provide Mr. Hoffman over-the-counter Tylenol for a three-day period, and Count Three to the extent that the Second Amended Complaint alleges that the refusal to provide Tylenol was retaliation for filing a grievance. (**ECF No. 63, PageID.647-50**; *adopted by* **ECF No. 71**).

Despite a failure to raise specific argument as to the above-stated parts of Count Two and Count Three of the Second Amended Complaint, NP Gdowski's Motion for Summary sets forth undisputed facts relevant to each part of each count of the Second Amended Complaint. (**ECF No. 49, PageID.301-08**). Specifically, medical records were provided and specifically referenced regarding the fact that Mr. Hoffman was evaluated on the morning of January 2, 2020, during which Mr. Hoffman complained of pain despite an expiring prescription for Tylenol #4 and existing orders to take prescription strength Motrin. (**ECF No. 49, PageID.306**; *citing* **Sealed Exhibit A to MSJ, p. 67**). As stated in her Motion for Summary Judgment, NP Gdowski evaluated Mr. Hoffman, noted that Mr. Hoffman's Tylenol

2

#4 prescription was set to expire that day as recommended by Mr. Hoffman's treating surgeon, and placed an ACMO request for a continuation of Mr. Hoffman's Tylenol #4 prescription given Mr. Hoffman's continued complaints of pain. (**ECF No. 49, PageID.306**; *citing* **Sealed Exhibit A to MSJ, p. 70**; *see* **Sealed Exhibit A to MSJ, p. 55**). Records were referenced in NP Gdowski's Motion for Summary Judgment regarding the fact that the request was deferred that same day by Dr. Coleman, who instead recommended that Mr. Hoffman's pain medication regimen be changed to Tylenol and Motrin. (**ECF No. 49, PageID.306**; *citing* **Sealed Exhibit A to MSJ, p. 72**).

As Magistrate Judge Ivy identified in the Report and Recommendation, Mr. Hoffman was already receiving and continued to receive prescription strength Ibuprofen during this time. (**ECF No. 49, PageID.306**; *cf* **ECF No. 63, PageID.650, Footnote 3**). The Motion for Summary Judgment discusses that NP Gdowski reviewed Dr. Coleman's deferral for Tylenol #4 in a chart update later that same day, and ordered Mr. Hoffman 325 mg of Tylenol, every four to six hours as needed for pain. (**ECF No. 49, PageID.306**; *citing* **Sealed Exhibit A to MSJ, p. 75**). Mr. Hoffman kited the next day complaining that his hand was causing him pain and asking why he had not yet had a bandage change, but Mr. Hoffman does not mention that his pain medications were insufficient. (**ECF No. 49, Sealed Exhibit A to MSJ, p. 79**). There is nothing in Mr. Hoffman's medical records to suggest that it would

3

take three (3) weeks to get Tylenol from the prison store, or that there was any delay in administering the prescribed Tylenol given the medical order start date of January 2, 2020, stated in Mr. Hoffman's medication orders. (*See* **ECF No. 49, Sealed Exhibit A to MSJ, p. 74-76**).

Lastly, <u>Mr. Hoffman's Step I Grievance regarding the incident states only that NP Gdowski falsely reported his pain. Mr. Hoffman does not mention a failure to provide Tylenol in his Step I Grievance, and Mr. Hoffman asserts that he did not learn of the alleged retaliation until January 10, 2020,</u> standing in stark contrast from the allegations contained in the Second Amended Complaint. (**ECF No. 49-3, PageID.342**; **ECF No. 17, PageID.105-06**). Mr. Hoffman's Step II Grievance Response further indicates that he was able to purchase Tylenol at the prisoner store at any time. (**ECF No. 49-3, PageID.341**).

Magistrate Judge Ivy also mentioned that Mr. Hoffman similarly failed to present evidence or otherwise argue in support of above-specified parts of Count Two and Count Three of the Complaint, (**ECF No. 63, PageID.648**; *see* **ECF No. 49, PageID.317**), despite NP Gdowski's reference to medical records and grievance records that refute Mr. Hoffman's allegations and the fact that NP Gdowski's Motion for Summary Judgment sought dismissal of Plaintiff's claims in their entirety. Despite this issue, Magistrate Ivy held that Defendant's failure to raise sufficient argument precluded summary judgment on the above identified parts of Count Two

4

and Count Three of the Second Amended Complaint. (**ECF No. 63, PageID.647-48**). Likewise, the Court dismissed Count Three to the extent that Plaintiff alleged that NP Gdowski retaliated against him by underreporting his pain, but declined to dismiss "Hoffman's other claim" that he refused to provide Mr. Hoffman Tylenol. (**ECF No. 63, PageID.648-50**).

There are no remaining issues of material fact in this matter. The sole remaining "parts" of Count Two and Count Three of the Second Amended Complaint are directly refuted by the evidence produced during dispositive briefing. Furthermore, despite the fact that Mr. Hoffman was undisputedly receiving medical care and attention at the time that he alleges he was denied Tylenol for a three-day period for which he has provided no proof, Mr. Hoffman also failed to provide any medical evidence to show that the medical care he undisputedly received was grossly inadequate. *Phillips v. Tangilag*, 14 F.4th 524, 538 (6th Cir. 2021). Given that there are no genuine issues of material fact remaining in this matter, there is good cause to permit Defendant to file a second motion for summary judgment in spite of Defendant's failure to raise sufficient argument as to overlooked parts of Mr. Hoffman's second and third count to the Second Amended Complaint. *Thomas v. Lambert*, No. 1:19-cv-11046, 2022 U.S. Dist. LEXIS 25638, at *11 (E.D. Mich. Feb. 11, 2022) ("In summary, Defendants have not established good cause. Even armed with a purportedly 'expanded' record, they have not demonstrated the absence of

5

any genuine issue of fact.") (emphasis added); *Cervetto v. Mark J. Powell & Transervice Logistics*, No. 1:14-CV-00075-HBB, 2016 U.S. Dist. LEXIS 199058, at *4-*5 (W.D. Ky. Jan. 26, 2016) ("Once a dispositive motion has been ruled upon, it is within the court's discretion whether to consider a second motion concerning the same subject matter and seeking the same relief.… Because Cervetto fails to submit new materials, and issues of material fact still exist, the Court finds he should not receive a 'proverbiel second bite at the apple.'") (internal citations omitted) (emphasis added).

    B.    The Doctrine of Law of the Case does not preclude filing of a second Motion for Summary Judgment.

Plaintiff cites to the Doctrine of Law of the Case in support of an argument that Defendant is precluded from filing a second motion for summary judgment. (**ECF No. 76, PageID.716-17**). Although Magistrate Judge Ivy recommended and the Court held that NP Gdowski failed to raise arguments as to the parts of Count Two and Count Three of the Second Amended Complaint that still remain, the Court has not yet precluded or otherwise opined as to whether Defendant NP Gdowski may file a second summary judgment motion given that there are no genuine issues of material fact remaining in this matter. As such, the Doctrine of Law of the Case does not apply to the instant motion.

6

## **CONCLUSION**

Defendant humbly requests that the Court exercise its discretion and allow Defendant to file a Second Motion for Summary Judgment regarding the remaining parts of Count Two and Count Three that were not sufficiently addressed in Defendant's prior Motion for Summary Judgment. Although argument regarding each part of each count was not specifically raised in the prior Motion for Summary Judgment, Mr. Hoffman's medical records and grievance records attached to the motion are dispositive of Mr. Hoffman's claims.

WHEREFORE, Defendant SARA GDOWSKI, N.P. respectfully requests that this Honorable Court exercise its discretion pursuant to E.D. Mich. Local Rule 7.1(b)(2), and permit Defendant to file a second Motion for Summary Judgment as to the remaining parts of Count Two and Count Three of the Amended Complaint.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: October 18, 2022

*/s/Jeffrey L. Bomber*
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Sara Gdowski, N.P.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on October 18, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

> */s/Jeffrey L. Bomber*
> Jeffrey L. Bomber (P85407)
> 1441 W. Long Lake Rd., Suite 310
> Troy, MI 48098
> (248) 644-6326
> jbomber@chapmanlawgroup.com