UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

      Plaintiff,

v.                                     Civil Case No. 19-13691
                                     Honorable Linda V. Parker

SARA S. GDOWSKI,

      Defendant.

_____/

**OPINION AND ORDER
(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR WITHDRAWAL OF ATTORNEY (ECF NO. 78), (2)
STAYING MATTER FOR SIXTY (60) DAYS, AND (3) DENYING
WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO FILE
SECOND SUMMARY JUDGMENT MOTION (ECF NO. 73)**

      This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Robert

Hoffman, who is a Michigan Department of Corrections ("MDOC") inmate, filed a

pro se Complaint against Defendant Sara S. Gdowski on December 16, 2019.

Hoffman claims that Gdowski violated his Eighth Amendment rights when she

allegedly was deliberately indifferent to his severe and debilitating hand condition.

Gdowski was employed by Corizon Health, Inc. ("Corizon") during the relevant

period.

      At this stage of the proceedings, discovery has closed and the deadline for

filing dispositive motions has passed.  (*See* ECF No. 38.)  Gdowski filed a motion

for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 49), which was granted in part and denied in part (ECF No. 71).  Gdowski now seeks to file a second summary judgment motion.  (ECF No. 73.)  Before a decision could be reached on that motion, however, her counsel moved to withdraw and requested a 120-day stay of the litigation.  (ECF No. 78.)  Gdowski's counsel seeks to withdraw due to the filing of a Chapter 11 bankruptcy petition by Tehum Care Services Inc., which formerly did business as Corizon.[1]  Corizon provides the defense and indemnity of all Michigan insureds, such as Gdowski.

It is within the court's discretion whether to grant an attorney's motion to withdraw.  *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).  Courts "look[] to the rules governing professional conduct for guidance" when deciding such motions.  *Id.* (citations omitted).  Nevertheless, "[t]here are . . . several occasions when a district court ought to prohibit counsel from withdrawing."  *Id.* at 538.  One example is where the "withdrawal . . . would work severe prejudice on the client or third parties."  *Id.*

Gdowski's counsel asserts that, due to the bankruptcy, Corizon's and Gdowski's interests "are in conflict."  (ECF No. 78 at Pg ID 730, ¶ 5.)  Counsel

---

[1] The bankruptcy court has automatically stayed certain proceedings but the present matter is not one of them.  *See* Order, *In re Tehum Care Servs., Inc.*, No. 23-90086 (Bankr. S.D. Tex. Mar. 3, 2023), ECF No. 118.

asserts that it "cannot represent one without adversely impacting the duty to the other." (*Id.*) According to counsel, there are "newly created issues and disputes between the insured(s) and Corizon" which "create[] a conflict where counsel will be forced to take sides and potentially advocate one client's position against another client's position[.]" (*Id.* ¶ 7.)

The Michigan State Bar Informal Ethics Opinions which defense counsel quotes in support of the motion reflect situations where attorneys represent the insurer and insured in a single matter or are faced with positions by two clients which "are diametrically opposed[.]" (*See id.* at Pg ID 730-31 ¶¶ 7, 8.) Corizon is not a party in this matter, however. And it is not clear from the pending motion how Gdowski's and Corizon's positions "are diametrically opposed." Counsel refers to "[t]he uncertainty of the professional liability coverage itself" (*id.* at Pg ID 730 ¶ 6) but it seems premature to release counsel from representing Gdowski—who counsel or counsel's law firm has now represented for more than two years—based on an uncertainty which may be addressed through the bankruptcy proceedings.

Thus, the Court believes the most prudent approach is to stay this matter for 60 days with the hope that this uncertainty will be resolved by then. In the interim,

Gdowski can choose to seek alternative representation.[2]  This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  The Court declines to grant defense counsel the requested 120-day stay, as "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envt'l Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1997).  If the uncertainty concerning the professional liability coverage is not resolved during the next 60 days, or is resolved in a manner that clearly necessitates defense counsel's withdrawal, counsel may file a new motion to withdraw.[3]

Due to the stay and the possibility that Gdowski's current counsel will no longer be representing her and that new counsel may want to pursue a different strategy, the Court is denying without prejudice her motion for leave to file a second summary judgment motion.

---

[2] If new counsel is retained, a stipulation to substitute counsel may be submitted.

[3] If there is no resolution within 60 days but it appears that one may be forthcoming, counsel may seek to extend the stay.

Accordingly,

**IT IS ORDERED** that the Motion for Withdrawal of Attorney Devlin K. Scarber, Jeffrey L. Bomber, Jonathan Lanesky, and the Chapman Law Group as counsel for Defendant Sara S. Gdowski (ECF No. 78) is **GRANTED IN PART AND DENIED IN PART** in that this matter is **STAYED** for 60 days and counsel's motion to withdraw is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a second summary judgment motion (ECF No. 73) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5