UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

      Plaintiff,

                                       Case No. 19-13691

v.                                          Honorable Linda V. Parker

SARA S. GDOWSKI,

      Defendant.
_____/

## OPINION AND ORDER GRANTING THE MOTION TO WITHDRAW FILED BY DEFENDANT'S COUNSEL

Plaintiff Robert Hoffman filed this pro se civil rights lawsuit against Defendant Sara S. Gdowski on December 16, 2019.  Hoffman claims that Gdowski violated his Eighth Amendment rights when she allegedly was deliberately indifferent to his severe and debilitating hand condition.  Gdowski was employed by Corizon Health, Inc. ("Corizon") during the relevant period.

Discovery has closed and the deadline for filing dispositive motions expired on November 22, 2021.  (*See* ECF No. 38.)  Before the latter deadline, Gdowski filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 49), which was granted in part and denied in part (ECF No. 71).  Well after the deadline, Gdowski sought leave to file a second summary judgment motion.  (ECF No. 73.)  However, on March 8, 2023, before a decision could be

reached on Gdowski's request, her counsel moved to withdraw and asked for a 120-day stay of the litigation on March 8, 2023. (ECF No. 78.)

Gdowski's counsel sought to withdraw due to the filing of a Chapter 11 bankruptcy petition by Tehum Care Services Inc., which formerly did business as Corizon.[1] Prior to the bankruptcy, Corizon had defended and indemnified its former Michigan employees, such as Gdowski. Counsel claimed that, due to the bankruptcy, Corizon's and Gdowski's interests were now "in conflict." (*Id.* at PageID 730, ¶ 5.) Therefore, counsel claimed that they could not represent one without adversely impacting their duty to the other.

On July 12, 2023, this Court denied counsel's motion to withdraw, without prejudice, finding insufficient reasons to conclude that there was a current conflict of interest. (ECF No. 79 at PageID 740.) The Court stayed the matter for 60 days, however, hoping the bankruptcy proceedings would resolve the professional liability coverage issue in the interim or that Gdowski would choose to seek alternative representation. (*Id*. at PageID 740-41.) The Court also denied without prejudice Gdowski's motion for leave to file a second summary judgment motion. (*Id*. at PageID 741.)

---

[1] The bankruptcy court automatically stayed certain proceedings but the present matter is not one of them. *See* Order, *In re Tehum Care Servs., Inc.*, No. 23-90086 (Bankr. S.D. Tex. Mar. 3, 2023), ECF No. 118.

2

The 60-days elapsed, and, on September 18, the stay was lifted. On September 27, Gdowski's counsel filed a renewed motion to withdraw, detailing the events that have transpired in the past several months concerning their relationship with Corizon and the dispute that has arisen concerning the indemnity agreement. (ECF No. 80.) Counsel further indicates that they are not being paid for their representation of Gdowski or any former Corizon employees. (*Id*. at PageID 744.)

The Court finds that good cause exists for Gdowski's counsel to withdraw and that such withdrawal can be accomplished without material adverse effect on Gdowski's interests. *See* Mich. R. Prof'l Conduct R. 1.16. The Court believes the previous 60-day stay provided Gdowski with an opportunity to retain new counsel and, therefore, it finds no reason at this time to stay the matter further. Gdowski has 30 days to have an attorney enter an appearance in this matter on her behalf or the Court will presume she is proceeding pro se.

Accordingly,

**IT IS ORDERED** that counsel's motion to withdraw (ECF No. 80) is **GRANTED** and Jeffrey Bomber, Devlin K. Scarber, and the Chapman Law Group shall be terminated as counsel. Within three (3) days, counsel shall serve a copy of this Opinion and Order on Gdowski and file a proof of service with the Court, which includes a mailing address for Gdowski.

**IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge Curtis Ivy, Jr. pursuant to 28 U.S.C. § 636(b)(3) to conduct a settlement conference at least 30 days from today's date.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: October 3, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 3, 2023, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager