UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

    Plaintiff,

v.

SARAH GDOWSKI, NP,

    Defendant.
_____/

Case No. 19-cv-13691
Honorable Linda V. Parker

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**

On December 16, 2019, Plaintiff, a Michigan Department of Corrections prisoner, filed this civil rights action under 42 U.S.C. § 1983 against Defendant. In a Second Amended Complaint filed April 27, 2020, Plaintiff alleges deliberate indifference and retaliation claims in violation of the Eighth and First Amendments, respectively. (ECF No. 17.) These claims arise from: (i) a "407 request" for surgical consultation; (ii) a January 2, 2020 post-surgery request to refill Plaintiff's Tylenol No. 4; and (iii) Defendant's alleged refusal to provide Plaintiff over-the-counter ("OTC") Tylenol from healthcare stock on January 2 when Defendant's request for Tylenol No. 4 was deferred by a doctor and Defendant's order that same day for Plaintiff to receive the OTC Tylenol could not be filled immediately.

Before the deadline for dispositive motions (*see* ECF No. 38), Defendant, through previous counsel, filed a summary judgment motion (ECF No. 49).  The motion was referred to Magistrate Judge Curtis Ivy, Jr. who, on July 11, 2022, issued a Report and Recommendation recommending that the Court grant in part and deny in part the motion.  (ECF No. 63.)  Specifically, Magistrate Judge Ivy concluded that Defendant is entitled to summary judgment with respect to Plaintiff's deliberate indifference and retaliation claims related to the 407 request and Tylenol No. 4 request. (*Id*. at Pg ID 645-48.)  However, Magistrate Judge Ivy found that Defendant failed to address in her opening or reply brief Plaintiff's claims related to Defendant's alleged refusal to provide Plaintiff OTC Tylenol from healthcare, and therefore recommended that this claim not be dismissed.  (*Id*. at Pg ID 648.)  Over Defendant's objections, this Court adopted Magistrate Judge Ivy's recommendations in a decision filed August 30, 2022.  (ECF No. 71.)

Soon thereafter, on September 13, Defendant's previous counsel moved for leave to file a second summary judgment motion to develop the arguments the Court found she failed to address in her first motion.  (*See* ECF No. 73.)  Before that motion was decided, however, Defendant's counsel filed a motion to withdraw its representation.  (ECF No. 78.)  In light of that request, the Court denied the motion without prejudice.  (ECF No. 81.)  Defendant obtained new counsel who, shortly after entering his appearance on October 27, 2023, filed a motion for leave

2

to file a second summary judgment motion. (ECF No. 87.) Plaintiff has not filed a response to the motion.

As set forth in Eastern District of Michigan Local Rule 7.1(b)(2), "a challenge to several counts of a complaint generally must be in a single motion" and "[a] party must obtain leave of court to file more than one motion for summary judgment." District courts nevertheless have the discretion to permit a successive motion for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). A party should present "good reasons" in seeking to file a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Courts have identified several "good reasons" for allowing a party to do so:

> A successive motion for summary judgment may be considered … under certain circumstances, *such as*: "'(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice.'"

*Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 13005302, at *2 (E.D. Mich. 2012) (emphasis added) (quoting *Whitford*, 63 F.3d at 530 (quoting *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986)). As the italicized language reflects, this list is not exhaustive.

This Court does not encourage late or multiple dispositive filings. Nevertheless, under the circumstances presented, it concludes that Defendant's

3

request should be granted.  Though it remains to be seen whether Defendant's new arguments for summary judgment have merit, whether Plaintiff has evidence to support his claims and whether any claims fail as a matter of law are issues that are reasonable and appropriate to address at this stage, prior to the time and expense of preparing for trial.  It would be a waste of resources—the parties', the Court's, and the jury's—for those conclusions to be reached on a motion for directed verdict.  Moreover, any prejudice to Plaintiff in permitting Defendant's motion is minimal and outweighed by the need to address the substance of her arguments.

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave to file a second motion for summary judgment (ECF No. 87) is **GRANTED** and Defendant has **fourteen (14) days** to file her motion.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 29, 2023