UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

        Plaintiff,                      Case Number: 19-cv-13691
                                                 Honorable Linda V. Parker

v.

SARA S. GDOWSKI,

        Defendant.
_____/

**OPINION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION**

      This matter is presently before the Court on Plaintiff's motion for an extension of time (ECF No. 89) to respond to Defendant's motion for leave to file a second summary judgment motion (87).  Plaintiff indicates that he received Defendant's November 8 motion only on November 14, that he immediately requested access to the prison law library but had yet to receive access when he filed his current motion, and that he submitted his current motion to prison officials for mailing on November 17.  (ECF No. 89 at PageID. 804-06.)  Despite being received by the United States Postal Service on November 20,  Plaintiff's motion was filed in the court's electronic filing system only on December 6.  In the meantime, on November 29, this Court granted Defendant's motion, instructing Defendant to file her second summary judgment motion within fourteen days.  (ECF No. 88.)

While Plaintiff shows good cause for an extension of time, the Court finds no reason to set aside its order granting Plaintiff leave to file her second summary judgment motion.  Rule 6 of the Federal Rules of Civil Procedure, which sets the standard for extending time in these circumstances, does not require a court to grant an extension even when good cause is shown.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court *may*, for good cause shown, extend the time") (emphasis added).  Notably, the Court does not believe Plaintiff will suffer prejudice if he is not given the opportunity to respond to Plaintiff's motion for leave.  This is because the motion simply makes the same request that Defendant previously made but which was denied as moot while the issue of her representation was sorted through.  (*See* ECF Nos. 73, 79.)  Plaintiff had the opportunity to respond to Defendant's earlier motion for leave to file her second motion for summary judgment and, in fact, after receiving an extension of time to do so (ECF No. 75), filed a response to that motion (ECF No. 76).

The Court considered the arguments in Plaintiff's previous response and still concludes that Defendant should be granted leave to file a second dispositive motion.  While courts routinely identify three "good reasons" for allowing a party to file a successive dispositive motion, *see, e.g., Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 13005302, at *2 (E.D. Mich. 2012) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)), those reasons are not exhaustive.  As explained in this Court's decision granting Defendant's motion:

> Though it remains to be seen whether Defendant's new arguments for
> summary judgment have merit, whether Plaintiff has evidence to support
> his claims and whether any claims fail as a matter of law are issues that are

> reasonable and appropriate to address at this stage, prior to the time and expense of preparing for trial. It would be a waste of resources—the parties', the Court's, and the jury's—for those conclusions to be reached on a motion for directed verdict.

(ECF No. 88 at PageID 803.)

Accordingly, the Court is **DENYING AS MOOT** Plaintiff's motion for an extension of time to respond to Defendant's motion for leave to file a second summary judgment motion. Of course, once Defendant files her motion, Plaintiff will have an opportunity to file a response to it.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager