UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

    Plaintiff,

v.

                                Case No. 19-cv-13691
                                Honorable Linda V. Parker

SARA S. GDOWSKI,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert Hoffman, a Michigan Department of Corrections prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Sara Gdowski violated his First and Eighth Amendment rights under the United States Constitution. Specifically, in a Second Amended Complaint filed on April 27, 2020, Hoffman alleges that Gdowski was deliberately indifferent to his serious medical needs when completing an October 2019 surgical consult request to address Dupuytren's contractures affecting Hoffman's left hand (Count 1) and in responding to Hoffman's post-surgery complaints of pain on January 2, 2020 (Count 2). (ECF No. 17.) As to the January 2 encounter, Hoffman claims Gdowski minimized his complaints of pain on a form requesting the continuation of the Tylenol #4 prescribed after surgery and refused to dispense over-the-counter

Tylenol when the request for Tylenol #4 was deferred. (*Id.*) Hoffman also alleges that Gdowski's deliberate indifference on January 2 was in retaliation for his filing an administrative grievance against her (Count 3). (*Id.*)

The Court has granted summary judgment to Gdowski on Count 1. (*See* ECF No. 71.) The Court also has granted summary judgment to Gdowski on Count 2 to the extent Hoffman claimed Gdowski minimized his pain on the medication request form. (*See id.*) The matter is presently before the Court on Gdowski's second motion for summary judgment addressing the remaining allegations in the Second Amended Complaint. (ECF No. 90.) The motion has been fully briefed. (ECF Nos. 94, 96.) For the reasons set forth below, the Court is granting the motion.

**I.      Standard of Review**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, "[t]he party opposing the motion must show that 'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508, 514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248).  The non-movant's evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor.  *Liberty Lobby*, 477 U.S. at 255.

## II.  Factual Background

Counts 2 and 3 of Hoffman's Second Amended Complaint arise from Gdowski's alleged actions after Hoffman underwent corrective surgery on his left hand, which Dr. Mark Morris performed on December 30, 2019.  Following surgery, Dr. Morris prescribed Tylenol #4 for three days.  (ECF No. 50 at PageID. 415.)

On January 2, 2020, at around 8:59 a.m., Hoffman presented to healthcare, complaining of pain in his left pinkie finger.  (ECF No. 50 at PageID. 423.)  He was seen by Gdowski, a nurse practitioner.  (*Id.* at PageID. 425.)  Hoffman informed Gdowski that he had been taking two Motrin 400 mg every six hours or six times a day and Tylenol #4 four times a day for his pain.  (*Id.* at PageID. 423; ECF No. 94 at PageID. 882 ¶ 4.)

Gdowski submitted a request for the continuation of Tylenol #4 and instructed Hoffman to continue taking Motrin as prescribed. (ECF No. 50 at PageID. 425-26; ECF No. 87-2 at PageID. 797 ¶ 6.) Hoffman states that Gdowski nevertheless indicated that the request for Tylenol #4 would be denied, and he should be prepared for a lapse in treatment. (ECF No. 61 at PageID. 538 ¶¶ 17, 19; ECF No. 94 at PageID. 882 ¶ 2.) Hoffman further states that Gdowski therefore advised him to take OTC Tylenol. (ECF No. 94 at PageID. 882 ¶¶ 2-3.)

Hoffman asserts that he told Gdowski he did not have any OTC Tylenol, and that it would take weeks to order it from the prison store. (ECF No. 61 at PageID. 538 ¶ 15.) He therefore asked Gdowski for OTC Tylenol from the health care stock, but she said no and advised him to get it from other prisoners. (*Id.* ¶ 16; ECF No. 94 at PageID. 882 ¶ 5.) Hoffman asked Gdowski why there was going to be a lapse in his pain treatment, and Gdowski allegedly referenced his filing of a grievance. (ECF No. 61 at PageID. 538 ¶ 20.)

At around 1:30 p.m. on January 2, Dr. Rickey Coleman deferred Gdowski's request for Tylenol #4 and, instead, directed Hoffman to switch to Tylenol 325 mg. and Motrin. (ECF No. 50 at PageID. 428-29.) At 2:13 p.m., Gdowski updated Hoffman's chart to reflect the deferral and ordered Tylenol 325 mg every 4-6 hours as needed for pain until February 2. (*Id.* at PageID. 431.) Hoffman did not receive the OTC Tylenol until January 5, as it takes 2-4 days to receive medications

4

ordered from the pharmacy vendor. (ECF No. 61 at PageID. 538 ¶¶ 22, 24.) Hoffman claims Gdowski was aware of this delay in receiving ordered medications. (*Id.* ¶ 22.)

### III. Applicable Law and Analysis

#### A. Deliberate Indifference

Hoffman alleges that Gdowski was deliberately indifferent to his complaints of pain on January 2, 2020, in violation of his Eighth Amendment rights. The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

To state a claim for deliberate indifference to a serious medical need, a plaintiff must satisfy a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff "must establish an objective element: that the prisoner 'is incarcerated under conditions posing a substantial risk of serious harm.'" *Beck v. Hamblen Cnty., Tenn.*, 969 F.3d 592, 600 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). "To prove this objectively serious harm in the health context, prisoners must first establish that they have 'serious medical needs.'" *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021) (quoting *Estell v. Gamble*, 429 U.S.

5

97, 106 (1976)) Second, the plaintiff "must establish a subjective element: that the government official subjectively knew of this risk of harm." *Beck*, 969 F.3d at 600 (citing *Farmer*, 511 U.S. at 837).

As to the first prong, the Sixth Circuit has defined "a [sufficiently serious] medical need . . . as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). As to the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835. The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "a prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir.2014).

Gdowski seeks summary judgment with respect to Hoffman's remaining deliberate indifference claim, arguing first that Hoffman cannot demonstrate a medical need for OTC Tylenol on January 2 because he had other pain medication available to him. Gdowski further argues that there is no evidence that she knew of

6

and disregarded an excessive risk to Hoffman's health or safety, as she submitted the request to continue Tylenol #4 in response to Hoffman's complaints of pain.

The Sixth Circuit has held that "verifying medical evidence of an exacerbated injury [i]s necessary to establish the objective prong for 'minor maladies or non-obvious complaints of a serious need for medical care.'" *Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013) (quoting *Blackmore v. Kalamazoo Cnty*, 390 F.3d 890, 897 (6th Cir. 2004)); *see also Dixon v. Hall*, No. 14-6466, 2016 WL 11781885, at *3 (6th Cir. Apr. 5, 2016) (explaining that "[w]here a prisoner has a non-obvious medical condition or asserts that the prison failed to treat a medical condition adequately, verifying medical evidence is necessary to establish that the delay caused a serious medical injury"). The Sixth Circuit has further held that "a prisoner suffering from pain must show that a delay in receiving treatment had a detrimental effect or that the medical provider knew that a detrimental effect was likely to occur." *Dixon*, 2016 WL 11781885, at *3 (citing *Jones*, 625 F.3d at 945; *Mack v. Wilkinson*, 79 F. App'x 137, ,139 (6th Cir. 2003)); *see also Burgess*, 735 F.3d at 477 (concluding that a claim only that a prisoner "endured hours of pain . . . is insufficient to establish his [deliberate indifference] claim"); *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 778-79 (6th Cir. 2012) (finding no deliberate indifference arising from the withholding of a prisoner's pain and other medications, which led to the prisoner experiencing serious back pain in

the interim, because there was no "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment"). In this case, Hoffman offers no evidence of a detrimental effect due to the three-day delay in receiving OTC Tylenol. He, therefore, does not satisfy the objective prong of his Eighth Amendment claim.

But even if Hoffman satisfied the objective prong, the evidence does not show that Gdowski disregarded an excessive risk to his health or safety. This is because Gdowski requested Tylenol #4 in response to Hoffman's complaints of pain on January 2. Regardless of Gdowski's alleged comment that the request would be denied, there is no evidence that she had any input or involvement in the denial.[1] Dr. Coleman, who is not a defendant, made the decision to deny the request. When the request was deferred, Hoffman did not ignore Gdowski's pain but submitted the order for OTC Tylenol.

Moreover, Hoffman also had Motrin for pain. (*See* ECF No. 50 at PageID. 423, 430, 433.) Hoffman now claims in a declaration submitted in response to

---

[1] In his Report and Recommendation addressing Gdowski's first motion for summary judgment, Magistrate Judge Curtis Ivy, Jr. concluded that Gdowski did not mischaracterize Hoffman's pain level on the medication request form. (*See* ECF No. 63 at PageID. 647-48.) Magistrate Judge Ivy further found that "[n]o reasonable jury could read this request and conclude that Gdowski was deliberately indifferent to a medical need in her request for a continuation of the medication because she recorded what Hoffman reported. (*See id*.) Hoffman did not object to Magistrate Judge Ivy's conclusions, and this Court adopted those conclusions. (*See* ECF No. 71.)

Gdowski's motion that he told Gdowski at around 2:05 p.m. on January 2 that he only had four Motrin pills left. (ECF No. 94 at PageID. 882-83 ¶ 6.) But Hoffman never previously made this factual assertion, despite repeatedly stating that Gdowski told him to continue taking Motrin. (*See* ECF No. 17 at PageID. 106 ¶¶ 41-52; ECF No. 61 at PageID. 537-38 ¶¶ 14-24.) A court may disregard statements in an affidavit or declaration filed in response to a summary judgment motion where it finds that they reflect an attempt to create a sham fact issue. *Frances v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016) (citing *Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 908-09 (6th Cir. 2006)).

For these reasons, the Court concludes that Gdowski is entitled to summary judgment on Hoffman's Eighth Amendment claim.

### B. Retaliation

Hoffman's First Amendment retaliation claim is based on Gdowski's alleged refusal to provide him with OTC Tylenol because he filed a grievance against her. To establish First Amendment retaliation, Hoffman must show that: "(1) he engaged in protected conduct; (2) [Gdowski] took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) . . . the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). For the reasons

discussed above, Hoffman cannot satisfy the second prong by demonstrating that Gdowski took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in protected conduct.

Gdowski, therefore, is entitled to summary judgment on Hoffman's First Amendment retaliation claim.

Accordingly,

**IT IS ORDERED** that Gdowski's Second Motion for Summary Judgment (ECF No. 90) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 28, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager